IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LAVENIA LARUE**                                                                                                                  **PLAINTIFF**

v.                              No. 3:25-cv-00178-LPR-ERE

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                                                                                                **DEFENDANT**

### ORDER

On September 4, 2024, Plaintiff Lavenia LaRue, represented by counsel, filed a complaint regarding the denial of her social security claim and a motion to proceed in forma pauperis. *Docs. 1, 2.*

A plaintiff may proceed *in forma pauperis* if she establishes that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The statute "is designed to ensure that indigent persons will have equal access to the judicial system" and the decision to grant relief under the statute "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (cleaned up). Proceeding "*in forma pauperis* is a privilege and not a right." *Cole v. Farmers Coop. Ass'n of Van Buren, Arkansas*, No. 2:20-CV-02008-PKH, 2020 WL 1265425, at *1 (W.D. Ark. Feb. 24, 2020).[1]

Ms. Larue submitted an *in forma pauperis* affidavit, showing she has $1,400 in her checking account and her husband makes $112,148.96 a year. She does not

---

[1] Report and recommendation adopted, 2020 WL 1249908 (W.D. Ark. Mar. 16, 2020).

appear to be indigent. Nor does it appear that paying the filing fee will impose a serious hardship on her. See *Hill v. CNO Financial*, No. 4:22-CV-00451-KGB, 2023 WL 2418561, at *1 (E.D. Ark. Feb. 2, 2023) (holding that an *in forma pauperis* applicant "must show that paying the filing fee would result in an undue financial hardship").

IT IS THEREFORE ORDERED THAT:

1. Ms. LaRue's motion to proceed *in forma pauperis (Doc. 1)* is DENIED.[2] She has thirty days from the date of this order to pay the $405 filing fee. If she does not pay the filing fee in thirty days, I will recommend that this case be dismissed.

2. The Clerk of Court is directed to notify the Commissioner of this case pursuant to Rule 3 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g).

Dated 4 September 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Because Ms. LaRue may pay the filing fee and continue this case, the denial of her IFP application arguably is a non-dispositive ruling that I may decide by order rather than a recommendation. However, there is a split of authority on this issue. See *Wilmington Tr, NA v. Scarlett*, No. 1:17-cv-04605-AT-AJB, 2017 WL 8217729, at *2 n.4 (N.D. Ga. Nov. 20, 2017) (discussing split of authority on magistrate judge authority to deny IFP applications). Of course, if Ms. LaRue fails to pay the filing fee, any ruling dismissing this case must be made by the presiding district judge.