**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

LAVENIA ELIZABETH LARUE                                   PLAINTIFF

V.                              No. 3:25-CV-00178-ERE

SOCIAL SECURITY ADMINISTRATION,
Commissioner                                                DEFENDANT

**ORDER[1]**

Plaintiff Lavenia Elizabeth LaRue appeals the Social Security Administration Commissioner's final decision denying her application for disability benefits. For the reasons set out below, the Commissioner's decision is AFFIRMED.

**I.    Background**

On August 31, 2023, Ms. LaRue filed an application for benefits due to tremors, numbness, and weakness in her dominant hand and tremors in her voice, head, and neck. *Tr. 14, 171, 226.*

Ms. LaRue's claim was denied initially and upon reconsideration. At Ms. LaRue's request, an Administrative Law Judge ("ALJ") held a hearing on July 30, 2024, where Ms. LaRue appeared with her lawyer, and the ALJ heard testimony from Ms. LaRue and a vocational expert ("VE"). *Tr. 33-63.* On September 4, 2024,

---

[1] The parties consented in writing to the jurisdiction of a United States Magistrate Judge. *Doc. 7.*

1

the ALJ issued a decision finding that Ms. LaRue was not disabled. *Tr. 14-27.* The Appeals Council denied Ms. LaRue's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Ms. LaRue, who was forty-six years old at the time of the hearing, has a high school education and past relevant work experience as an administrative clerk and deputy clerk. *Tr. 39-40, 56.*

## II.     The ALJ's Decision[2]

The ALJ found that Ms. LaRue had not engaged in substantial gainful activity since the alleged onset date of August 18, 2023. *Tr. 16.* The ALJ also concluded that Ms. LaRue had the following severe impairment: right hand tremor. *Id.* However, the ALJ concluded that Ms. LaRue did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 19.*

According to the ALJ, Ms. LaRue had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) no more than

---

[2] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g).

frequent handling, fingering, and feeling with the right upper extremity; and (2) no concentrated exposure to vibration. *Tr. 20.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Ms. LaRue could perform, including her past relevant work, as well as counter clerk and furniture rental clerk. *Tr. 26-27, 56-57.* Accordingly, the ALJ determined that Ms. LaRue was not disabled.

## III.   Discussion

### A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

3

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.     Ms. LaRue's Arguments for Reversal

Ms. LaRue contends that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ erred in the RFC finding; and (2) two of the jobs the ALJ found Ms. LaRue could perform do not exist in sufficient numbers in the national economy. *Doc. 11.* After carefully considering the record as a whole, I affirm the Commissioner.

### C.     Analysis

#### 1.     The RFC

Ms. LaRue asserts that the RFC is erroneous because the ALJ misconstrued the record evidence. *Doc. 11*. Ms. LaRue relies on her testimony regarding her activities of daily living, a journal article, and her general disagreement with the ALJ's findings.

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite her limitations." *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022) (quoting 20 C.F.R. § 404.1545(a)(1)). A claimant "bears the burden of proof to establish her RFC." *Despain v. Berryhill*, 926 F.3d 1024, 1027 (8th Cir. 2019). "An ALJ determines a claimant's RFC based on all the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's

own description of [her] limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quotations omitted). Ultimately, the RFC finding "is a decision reserved to the agency such that it is neither delegated to medical professionals nor determined exclusively based on the contents of medical records." *Norper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020).

Ms. LaRue's arguments simply are her disagreement with the ALJ's interpretation of the evidence of record. However, the issue before the Court is not whether substantial evidence supports Ms. LaRue's claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022).

The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Ms. LaRue's complaints and the record.  The ALJ's findings in support of his RFC determination included the following: (1) Ms. LaRue's alleged "symptoms are inconsistent with her activities of daily living," which are "somewhat normal" and "are the same as those necessary for obtaining and maintaining employment"; (2) Ms. LaRue was able to drive her grandchildren to school, prepare meals not requiring fine motor skills, fold laundry, shop, pay bills, do other chores, and care for young children at home without assistance; (3)

5

her "physical examinations were generally unremarkable"; (4) state agency physicians, which the ALJ found persuasive, believed Ms. LaRue could perform light work with frequent use of the right upper extremity; and (5) Ms. LaRue's treating physician overstated her limitations when considering the objective medical evidence. *Tr. 22-24, 323-324, 330 355, 360-61, 377-78, 385-87, 405-06.*

"To the extent the ALJ did not adopt all of the limitations Plaintiff stated in her testimony, it is reasonable to believe that the ALJ found that Plaintiff was not that limited." *Eldred v. Saul*, No. 19-05075-CV-SW-MDH-SSA, 2020 WL 7138623, at *3 (W.D. Mo. Dec. 7, 2020). "An ALJ's reasoning need only be clear enough to allow for appropriate judicial review. The ALJ's brevity is not reversible error." *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021) .

The record contains substantial evidence to support the ALJ's finding that Ms. LaRue could perform a reduced range of light work.

### 2.    Available Jobs

Ms. LaRue's asserts that the ALJ's erred when finding that she could perform the jobs of furniture rental clerk and counter clerk, because neither job is available in substantial numbers in the national economy.[3] *Doc. 11*.

---

[3] The VE testified that there were about 2,220 furniture rental clerk jobs and 6,000 counter clerk jobs available in the national economy. *Tr. 57.*

Ms. LaRue's argument ignores the two other jobs cited by the ALJ. The ALJ specifically found that Ms. LaRue could perform her past relevant work as an administrative clerk and deputy clerk. To the extent that there was any error in referring to furniture rental clerk and counter clerk, the error was harmless.

## IV.  Conclusion

The ALJ applied proper legal standards in evaluating Ms. LaRue's claims, and substantial evidence supports the decision to deny benefits.

IT IS THEREFORE ORDERED that the Commissioner's decision is affirmed, and judgment will be entered accordingly.

Dated 9 March 2026.

_____
UNITED STATES MAGISTRATE JUDGE